**Lester E. BRADDOCK, Administrator (now personal representative) of the Estate of Helen M. Braddock, Deceased, \* Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 24963.**

United States Court of Appeals, Ninth Circuit.

Nov. 27, 1970.

Dennis V. Gilbert (argued), Warde H. Erwin, Portland, Or., for plaintiff-appellant.

Virginia Hopkinson (argued), Atty. Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen.; Lee A. Jackson, Loring W. Post and Richard Farber, Washington, D. C.; Sidney I. Lezak, U. S. Atty., Portland, Or., for defendant-appellee.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant commenced this action in district court for recovery of income taxes paid. The district court directed a verdict for the United States after presentation of evidence and argument. We affirm.

It is the duty of a judge to direct a verdict when the evidence would be insufficient to support a different finding. Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656, 661 (9th

---

\* Helen M. Braddock, plaintiff below and originally appellant in this court, died while the appeal was pending, and Lester E. Braddock, Administrator of her estate, was substituted as appellant. References to the appellant in the opinion are to Helen M. Braddock.

Cir. 1963). Our inquiry, therefore, is whether there was sufficient evidence to present a jury question. Union Pacific R. R. v. Jarrett, 381 F.2d 597, 599 (9th Cir. 1967).

The government contends that the money received by appellant is includible in gross income under 26 U.S.C. § 61, which defines gross income as "all income from whatever source derived, * * *."

Appellant, however, claims that the money received was not includible under 26 U.S.C. § 102, which provides:

"Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance."

 At the outset, we note that it is immaterial that appellant received the money by reason of a compromise settlement. It is the nature of the underlying claim which governs. Thompson v. Commissioner of Internal Revenue, 406 F.2d 1006, 1008 (9th Cir. 1969); Spangler v. Commissioner of Internal Revenue, 323 F.2d 913, 916 (9th Cir. 1963).

Viewed in a light most favorable to appellant, the evidence indicates that appellant agreed to live with one Larsen and perform such services as cooking, cleaning, and helping with the farm work. It is undisputed that Larsen agreed to furnish room and board in exchange for those services. After Larsen's death in 1963, appellant alleged that Larsen had also promised to leave his entire estate to her. Larsen failed to take legal steps to perfect this agreement and a conflict arose between appellant and Larsen's heirs at law regarding disposition of the estate. The parties eventually reached a settlement wherein the appellant, for $20,000, relinquished all claims against the estate. The decree of the state court based the award on an agreement by Larsen to provide for appellant during her lifetime.

The district court directed a verdict on several grounds, one of which was that all the evidence indicated that the award was for services rendered, and thus includible in gross income. 26 U.S.C. § 61

(1). Our review of the record requires affirmance on this basis.

Appellant did not claim or attempt to prove that she was an heir. The money, then, could not be said to have been received as an inheritance. See Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938).

Since there was no will, appellant cannot claim receipt of the money as a legacy.

Finally, since all of the evidence was that appellant's claim against Larsen arose from a moral or legal obligation due her from Larsen because of her services to him, appellant cannot assert that she was the recipient of the detached and disinterested generosity which necessarily accompanies a gift transfer under section 102. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 286, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

The judgment of the district court is affirmed.